Black, Appellant, *v.* The Carnegie-Illinois Steel Corp., Appellee.

(No. 3600—Decided October 29, 1953.)

*Messrs. Traxler & Beil,* for appellant.
*Messrs. Manchester, Bennett, Powers & Ullman,* for appellee.

PHILLIPS, J. Plaintiff, the widow of Maurice Black and wholly dependent upon him for her support at the time of his death on February 1, 1948, at the age of 32 years, appealed to this court on questions of law from a judgment of the Court of Common Pleas entered upon a jury verdict returned for defendant in plaintiff's action on appeal to that court from a denial by the Industrial Commission of Ohio on rehearing of her claim for readjustment of her claim for compensation under the provisions of the Workmen's Compensation Act of Ohio, which was denied on the ground that the death of Maurice Black did not result from an injury sustained in the course of and arising out of his em-

ployment by defendant, a corporation and self-insurer under such act.

While rewiring a light in one of defendant's plants on December 22, 1947, a disk type shade, 12 inches in diameter and weighing between four and five pounds, fell, striking plaintiff's decedent on his head, dazing him and causing him to faint 10 or 15 minutes later, and necessitating his being removed to his home in an ambulance.

On December 23, 1947, plaintiff's decedent returned to work and worked one week, after which he was bedfast at his home until hospitalized about a week before his death from subacute bacterial endocarditis, renal abscess, hemorrhagic purpura, cerebral myotic, infarct.

Plaintiff's doctors testified there was a probable causal relationship between the injury decedent received on December 22, 1947, and his death on February 1, 1948. Defendant's doctors testified that there was no such relationship, thus presenting a clear cut question for determination by the jury, with whose verdict and the judgment entered thereon we can not interfere on the grounds that they are "not sustained by any evidence" or are "against the manifest weight of the evidence."

Defendant asked its doctor-witness the following hypothetical question, and he answered in the negative:

"Doctor, assuming that Mr. Black was struck on the head by a lampshade weighing three to five pounds, which was not sufficient to break the skin, some three or four weeks prior to the time that you saw him, could such a blow on the head, in your opinion, bring about the condition of ill-being, namely, subacute bacterial endocarditis and pancarditis which you found in Mr. Black."

Plaintiff's counsel contend that such question did

not "fully and fairly reflect the facts," and that by the omission of facts "in evidence the question was rendered improper because such facts as included in the question did not present the facts in their true relation."

We are not impressed with this argument. See 2 Wigmore on Evidence (3 Ed.), 807, Section 682 (b); and 17 Ohio Jurisprudence, 432, Section 340.

In our opinion the trial judge did not err to plaintiff's prejudice, as she urges, in overruling plaintiff's motions for judgment in her favor notwithstanding the verdict of the jury returned against her or for a new trial, and the verdict of the jury and judgment entered thereon are not contrary to law.

Plaintiff's counsel have failed to call our attention to "other errors apparent on the face of the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly, we will not pass upon this assigned ground of error.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., and NICHOLS, J., concur.